UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA KIRKENDOLL et al.,

    Plaintiff,

    v.                                                Case No. 22-CV-1006

EEOC et al.,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

    Before me is Joshua Kirkendoll's motion to proceed without prepayment of the filing fee. (Docket #2.) Having reviewed Kirkendoll's motion, I find that he lacks the financial resources to prepay the fees and costs associated with this action and therefore grant his motion. While I find that Kirkendoll is indigent for purposes of the *in forma pauperis* statute, his complaint, as currently pled, fails to present a federal cause of action or allege a claim upon which relief can be granted. Thus, I will allow Kirkendoll an opportunity to file an amended complaint addressing the deficiencies discussed below.

## ANALYSIS

    The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants get meaningful access to the federal courts while also preventing indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in their favor. *Id.* at 612. Although a complaint need not contain "detailed factual allegations," a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In his motion to proceed without prepayment of the filing fee, Kirkendoll states that he is not employed (Docket # 2 at 1) and receives $921.00 per month in supplemental security income and $245.00 per month in food share benefits (*id.* at 2). Kirkendoll further states that he has no assets (i*d.* at 3–4). Based on the information provided in Kirkendoll's motion, I am satisfied that he is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Kirkendoll's complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The "Statement of Claim" portion of the complaint states in its entirety:

> 2:2020cv2007 During case and trial stated 2/10/2020 note for Judge Withowak and Attorney Magistrate Duffin committed statute 939.654 for misplace evidence cause legal malpractice intentional tort under 931.45 case state of Wisconsin Plaintiff Respondent v. Debra Ann Head Defendant Appellant petitioner no. 99-3071-CR stating 490 3A, 324 the disability act section 504 No

2

93-112, 87 Statute 394 Rehabilitation Act in which is a pro se litigant stand trial on behalf of one self and request Bureau of Labor Statistics.

(Docket # 1 at 2.)

Construed liberally, the complaint appears to allege malpractice against two judges and an attorney for events that occurred during a prior action, *Kirkendoll v. Department of Justice*, No. 20-cv-00207-PP (E.D. Wis. filed Feb. 10, 2020), which was dismissed for failure to state a claim on which relief may be granted. However, in the "Parties" section of the complaint, Kirkendoll wrote "EEOC" and "Bureau of Labor Statistics" as the defendants rather than the names of the judges and attorney mentioned in the statement of the complaint. (Docket # 1 at 1.) Kirkendoll also listed "FTC" and "CDA" as plaintiffs without alleging any claims related to those entities. (*Id.*) Kirkendoll's current complaint does not provide details sufficient for the court to understand the basis for his claim. As such, Kirkendoll's complaint fails to properly allege a claim on which relief may be granted.

A federal court must also evaluate its own jurisdiction, as federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). A federal court can decide cases involving violations of federal laws or the federal Constitution, 28 U.S.C. § 1331, or cases between citizens of differing states, 28 U.S.C. § 1332. Because Kirkendoll has not adequately explained the nature of his dispute with the EEOC, Bureau of Labor Statistics, or any other possible named defendants, I am unable to determine whether this is a dispute over which this court has jurisdiction.

Kirkendoll's complaint, as currently pled, does not properly allege this court's jurisdiction or state a claim on which relief may be granted. I will, however, give Kirkendoll

3

leave to amend his complaint. Kirkendoll must provide additional details sufficient for the court to understand the basis for his claim and the reason why this dispute may be properly brought in federal court.

Kirkendoll shall have thirty (30) days from the date of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Kirkendoll is advised that the amended complaint replaces the prior complaint, and the amended complaint must be complete in and of itself without reference to the prior complaint. Accordingly, matters not set forth in the amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Should Kirkendoll fail to file an amended complaint within thirty (30) days, I will recommend that this action be dismissed with prejudice.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Kirkendoll's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of this order, Kirkendoll shall submit an amended complaint wherein he provides additional information in accordance with the instructions set forth above. The court will then screen Kirkendoll's amended complaint. If Kirkendoll fails to timely submit his amended complaint or his amended complaint fails to cure the deficiencies outlined above, I will recommend that this action be dismissed with prejudice.

Dated at Milwaukee, Wisconsin this 19th day of September, 2022.

BY THE COURT

*signature*

NANCY JOSEPH
United States Magistrate Judge