# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSHUA KIRKENDOLL et al.,**

    Plaintiffs,

    v.                                                Case No. 22-CV-1006

**EEOC et al.,**

    Defendants.

## REPORT AND RECOMMENDATION TO DISMISS
## FOR FAILURE TO PROSECUTE[1]

Joshua Kirkendoll filed a *pro se* complaint against the defendants on September 1, 2022. (Docket # 1.) On September 19, 2022, I found that Kirkendoll's complaint failed to state a claim and allowed Kirkendoll thirty days to submit an amended complaint. (Docket # 4.) As of the date of this order, Kirkendoll has still not submitted an amended complaint.

Pursuant to Fed. R. Civ. P. 41(b) and Civ. L.R. 41(c) (E.D. Wis.), a court may dismiss an action where the plaintiff fails to diligently prosecute their case. "Dismissal with prejudice is appropriate when there is a clear record of delay or contumacious behavior." *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir. 1985). A court should view the "case 'with regard to its own particular procedural history and the situation at the time of dismissal,'" assessing whether "a reasonable person could concur with the trial court's determination that 'plaintiff

---

[1] Because not all defendants have appeared and had an opportunity to consent to or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the dismissal of these complaints. *See Coleman v. Labor and Indus. Rev. Comm'n*, 860 F.3d 461 (7th Cir. 2017).

1

has treated this matter cavalierly' and had 'no serious desire to prosecute this action.'" *Id.* (internal citations omitted).

Kirkendoll did not submit an amended complaint in accordance with the court's September 19 order. Because it does not appear that Kirkendoll intends to prosecute this action, I recommend that this action be dismissed.

Therefore, **IT IS HEREBY RECOMMENDED** that Kirkendoll's case be **DISMISSED** for failure to prosecute.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen (14) days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the court in writing.

Dated at Milwaukee, Wisconsin this 27th day of October, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge