# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSHUA KIRKENDOLL, FTC, and CDA, | |
| Plaintiffs, | Case No. 22-CV-1006-JPS |
| v. | |
| EEOC and BUREAU OF LABOR STATISTICS, | **ORDER** |
| Defendants. | |

On September 1, 2022, Plaintiff Joshua Kirkendoll ("Kirkendoll"), proceeding pro se, filed a complaint purporting to allege violations of his civil rights. ECF No. 1. The case was assigned to Magistrate Judge Nancy Joseph. On September 19, 2022, Magistrate Judge Joseph screened Kirkendoll's complaint, ECF No. 4, and identified numerous deficiencies:

> Construed liberally, the complaint appears to allege malpractice against two judges and an attorney for events that occurred during a prior action, *Kirkendoll v. Department of Justice*, No. 20-cv-00207-PP (E.D. Wis. filed Feb. 10, 2020), which was dismissed for failure to state a claim on which relief may be granted. However, in the "Parties" section of the complaint, Kirkendoll wrote "EEOC" and "Bureau of Labor Statistics" as the defendants rather than the names of the judges and attorney mentioned in the statement of the complaint. Kirkendoll also listed "FTC" and "CDA" as plaintiffs without alleging any claims related to those entities. Kirkendoll's current complaint does not provide details sufficient for the court to understand the basis for his claim. As such, Kirkendoll's complaint fails to properly allege a claim on which relief may be granted.

*Id.* at 3 (internal citations omitted).

Magistrate Judge Joseph granted Kirkendoll leave to submit an amended complaint to "provide additional details sufficient for the court to understand the basis of his claim" as well as the roles of the parties, such that the court may additionally determine whether it has jurisdiction over the action. *Id.* at 3–4. Magistrate Judge Joseph ordered Kirkendoll to submit an amended complaint on or before October 19, 2022, which was 30 days from the date of the screening order. *Id.* Magistrate Judge Joseph cautioned Kirkendoll that if he did not timely file an amended complaint, she would recommend that his action be dismissed. *Id.* at 4. The screening order was mailed to Kirkendoll.

On October 27, 2022, Magistrate Judge Joseph entered a report and recommendation ("R&R"), in which she recommends that Kirkendoll's action be dismissed for failure to prosecute, given that Kirkendoll did not submit an amended complaint. ECF No. 5. Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), Magistrate Judge Joseph advised Kirkendoll that written objections to the R&R, or any part thereof, could be filed within fourteen days of the date of service of the R&R. *Id.* at 2. The R&R was mailed to Kirkendoll.

To date, no objections have been received. The Court concurs in Magistrate Judge Joseph's conclusion that, by failing to file an amended complaint, Kirkendoll has failed to diligently prosecute his case. *See* Civ. L.R. 41(c) (authorizing dismissal of claims when "it appears to the Court that the plaintiff is not diligently prosecuting the action"). The Court, therefore, will adopt Magistrate Judge Joseph's report and recommendation and dismiss the action.

The dismissal will operate without prejudice. Kirkendoll proceeds pro se, no defendant has appeared and moved to dismiss the case for failure

to prosecute, and the case is in its early stages with no record of delay or the like. *See id.* (noting that a dismissal for lack of diligence may be either "with or without prejudice"); Fed. R. Civ. P. 41(b) (noting that dismissals for a plaintiff's failure to prosecute, where a defendant has so moved, "operate[] as an adjudication on the merits"); *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir. 1985) ("Dismissal with prejudice is appropriate when there is a clear record of delay or contumacious behavior.").

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation, ECF No. 5, be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.